# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

Stephen M. Gaultney,
Petitioner Below, Petitioner

**FILED**

**September 6, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

vs)  No. 15-1006 (Mercer County 14-C-475-DS)

Marvin C. Plumley, Warden,
Huttonsville Correctional Center,
Respondent Below, Respondent

## MEMORANDUM DECISION

Petitioner Stephen M. Gaultney, by counsel Paul R. Cassell, appeals the Circuit Court of Mercer County's September 18, 2015, order denying his petition for writ of habeas corpus. Respondent Marvin C. Plumley, Warden, by counsel Shannon Frederick Kiser, filed a response. Petitioner filed a reply. On appeal, petitioner alleges that the circuit court erred in denying his habeas petition because his prior trial and habeas counsel were ineffective.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2002, a Mercer County grand jury indicted petitioner on one count of murder and three counts of wanton endangerment for shooting and killing Justin Workman during what petitioner believed to be a home invasion. Following a jury trial conducted on September 30,–October 3, 2003, petitioner was convicted of all counts. By order entered November 13, 2003, petitioner was sentenced to life in prison with mercy, as to his murder conviction, and a determinate period of five years for each count of wanton endangerment. Petitioner's wanton endangerment sentences were ordered to run concurrently with one another, but consecutively with his sentence for murder. Petitioner was resentenced on April 4, 2004, for the sole purpose of extending his time to appeal.

In August of 2006, petitioner filed a direct appeal arguing that the circuit court erred in refusing his self-defense instruction and denying his motion for a new trial because the State proved neither malice nor premeditation. Thereafter, petitioner filed a pro se appeal raising five additional assignments of error, including that the circuit court erred when it gave an erroneous "instruction of transferred intent," which allowed for a conviction of a person interacting with alleged hallucinations while in an alleged delusional state of mind. Petitioner alleged that such instruction was in violation of West Virginia State Constitution, Article III, § 10, and W.Va.

1

Code § 27-6A-1. This Court refused petitioner's direct appeal by order entered January 10, 2007.

After filing a pro se petition for writ of habeas corpus in the circuit court in September of 2007, petitioner retained counsel and filed an amended petition for writ of habeas corpus alleging twenty-nine separate grounds for relief. Subsequently, the circuit court held an omnibus evidentiary hearing and denied the petition by order entered November 6, 2008, finding, in part, that the transferred intent instruction "was rightfully proffered to the jury" and "a correct statement of the law."

In 2009, petitioner filed with this Court a "Motion to Grant Leave to File Out of Time" an "original jurisdiction habeas corpus petition . . . in lieu of an appeal from the denial and dismissal of an omnibus habeas corpus petition." In support of his motion, petitioner asserted eighteen assignments of error, including but not limited to, the transferred intent instruction. By order entered on September 3, 2009, this Court refused petitioner's original jurisdiction habeas petition.

On November 5, 2009, petitioner, by counsel Dana P. McDermott, filed a federal petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, alleging eighteen grounds for relief including the transferred intent instruction. In support of this specific assignment of error, petitioner alleged that

> [t]he trial judge gave an instruction of transferred for first degree murder based on hallucinations of the Petitioner. The Petitioner thought there was a home invasion through the second-floor windows of his residence. A day or two earlier, he thought the police might be watching him, but a Princeton police officer told the Petitioner there was no police activity whatsoever in the area.

Thereafter, petitioner filed with this Court a "Motion to Grant Leave to File Out of Time a Petition for Appeal and his Petition for Appeal," again challenging the transferred intent instruction.[1] By order entered March 11, 2010, this Court refused petitioner's appeal. In December of 2011, petitioner filed an amended petition for federal habeas relief and withdrew eight of his original grounds for relief, but continued to challenge the transferred intent instruction. Thereafter, Mr. McDermott was relieved as counsel and petitioner was permitted to proceed pro se. Subsequently, respondent filed a motion to dismiss alleging that the circuit court sufficiently instructed the jury and that the instruction did not shift the burden of proof to prove malice to petitioner. Later, respondent filed a motion for summary judgment to which petitioner filed a response. In his response, petitioner argued "that the transferred intent instruction allowed the State to avoid its burden on malice and premeditation."

On August 8, 2012, United States Magistrate Judge R. Clarke VanDervort of the United

---

[1]On December 9, 2009, petitioner filed a "Motion to Place § 2254 Habeas Corpus Petition in Abeyance." Thereafter, petitioner filed a motion to withdraw the December 9, 2009, motion stating that he had "exhausted available state remedies as required for a § 2254 federal habeas corpus petition."

States District Court for the Southern District of West Virginia submitted proposed findings and recommendations that the district court should grant respondent's motion for summary judgment. With respect to petitioner's challenge to the transferred intent instruction, Magistrate VanDervort noted that the state habeas court found the instruction was "rightfully proffered to the jury" and "a correct statement of the law." As such, Magistrate VanDervort did not find that the transferred intent instruction "so infected the entire trial that the resulting conviction violates due process" and that petitioner is not entitled to habeas relief. *See Gaultney v. Ballard*, 2012 WL 6044653, at *35-6 (S.D.W.Va. Aug. 8, 2012).

Subsequently, the findings and recommendations were submitted to the United States for the Southern District of West Virginia, to which petitioner made certain objections. The District Court conducted a de novo review and granted respondent's motion for summary judgment by order entered December 5, 2012. *See Gaultney v. Ballard,* 2012 WL 6044412 (S.D.W.Va. Dec. 5, 2012), *appeal denied*, 520 Fed. Appx. 210 (4th Cir. 2013).[2]

In December of 2014, after filing a second petition for writ of habeas corpus in the circuit court, petitioner was appointed counsel to file an amended petition. Petitioner argued that his federal and state constitutional rights to due process were violated by the use of a transferred intent instruction which, "contained and was based upon an unconstitutional presumption" and that he received ineffective assistance of counsel at all stages of the criminal and habeas proceedings. Specifically that prior counsel failed to "investigate, discover, and then litigate the unconstitutional transferred intent presumption."[3] On April 27, 2015, respondent filed a response arguing that counsel could not be ineffective because at the time of the underlying proceedings, the transferred intent instruction was constitutional because this Court's holding in *State v. Julius*, 185 W.Va. 422, 408 S.E.2d 1 (1991)[4] had not been overruled by the United States Supreme Court or this Court. *See State v. Herbert*, 234 W.Va. 576, 591, 767 S.E.2d 471, 486

---

[2]The United States Court of Appeals for the Fourth Circuit denied petitioner's appeal challenging the district court's order accepting the recommendation of the magistrate judge and denying him relief on his 28 U.S.C § 2254 petition. *See Gaultney v. Ballard*, 520 Fed. Appx. 210 (May 2, 2013).

[3]In the case at bar, the jury was instructed that:

> The Court instructs the jury that where the State of West Virginia introduces evidence that shows beyond a reasonable doubt that the defendant intended to kill or injure someone under circumstances which you do not believe afforded the defendant excuse, justification or provocation for his or her conduct, but in the course of attempting to commit that crime, accidentally injures or kills another person, the jury may find the defendant's criminal intent transferred to the injured or killed unintentional victim.

[4]In Syllabus Point 6 of *Julius*, this Court held that "[t]he doctrine of transferred intent provides that where a person intends to kill or injure someone, but in the course of attempting to commit the crime accidentally injures or kills a third party, the defendant's criminal intent will be transferred to the third party." *Julius*, 185 W.Va. at 424, 408 S.E.2d at 3.

3

(2014) (finding that the circuit court's transferred intent jury instruction was supported by the holding in *Julius*.). Furthermore, the State argued that the jury instruction did not relieve the State from proving every element of its case nor did it transfer the burden of proof to petitioner. Following a hearing, the circuit court denied petitioner's request for habeas relief by order entered on September 18, 2015.

This Court reviews appeals of circuit court orders denying habeas corpus relief under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W.Va. 375, 701 S.E.2d 97 (2009).

On appeal to this Court, petitioner alleges that he was entitled to habeas relief because his prior trial and habeas counsel were ineffective for failing to argue that the transferred intent instruction was unconstitutional. This Court, however, does not agree.

Upon our review and consideration of the circuit court's order, the parties' arguments, and the record submitted on appeal, we find no error or abuse of discretion by the circuit court. Our review of the record supports the circuit court's decision to deny petitioner post-conviction habeas corpus relief based on the errors alleged in this appeal, which were also argued below. Indeed, the circuit court's order includes well-reasoned findings and conclusions as to the assignment of error raised on appeal. Given our conclusion that the circuit court's order and the record before us reflect no clear error or abuse of discretion, we hereby adopt and incorporate the circuit court's findings and conclusions as they relate to petitioner's assignment of error raised herein and direct the Clerk to attach a copy of the circuit court's September 18, 2015, "Order Denying the Petitioner's Petition for Writ of Habeas Corpus Ad Subjiciendum and Removing this Action from the Court's Active Docket" to this memorandum decision.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** September 6, 2016

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II